## Duff's Estate.

*Wills—Construction—Exercise of testamentary powers of appointment— Bequest by donee of proceeds of sale.*

1. A gift of the proceeds of a sale of land as to which there is a power of appointment is not an exercise of the power.

2. A bequeathed her estate in trust for life to B, her daughter, to whom she gave a testamentary power of appointment with directions to the trustee, in case of default in the exercise thereof, to hold the land for such children of B as might be living at B's death and the issue of any then deceased. B leased the land with an option to the tenant to purchase for the sum of $20,000, the agreement being binding on her heirs and executors. She died, unmarried and without issue, leavnig a will, duly admitted to probate, by which she bequeathed the proceeds of the sale in case the tenant elected to exercise his option: *Held*, that B took an equitable life estate with a vested legal remainder in herself, subject to being divested by the exercise of the power or death leaving issue; that the power had not been legally exercised; and that the option became effective at the election of the tenant upon the death of the donee.

Petition and answer (No. 1). O. C. Phila. Co., Oct. T., 1920, No. 463.

The power conferred by the will of Catharine Duff, Sr., upon Catharine Duff, Jr., was in the following language, to wit: The trustees were directed to hold the property after her death as follows: "And from and immediately after the decease of the said daughter Catharine A. Duff then in trust as respects the said personal and mixed estate whatsoever and wheresoever aforesaid unto and for the only proper use, ownership, benefit and behoof of such person or persons or body politic or corporate and in such parts and shares and proportions as she, my said daughter Catharine, may by any last will and testament in writing in the presence of at least two subscribing witnesses give, devise and bequeath, direct, limit or appoint and for want of any such devise, bequest, direction, limitation or appointment then in trust to and for all and every the child or children of her the said daughter Catharine A. Duff that shall be living at the time of her decease and the lawful issue of such of them as shall then be deceased, their respective heirs, execu-

Duff's Estate.

tors, administrators and assigns forever in equal parts and shares, if more than one so nevertheless that such lawful issue take and receive such part and share only as his, her or their deceased parent would have had and taken if then living."

*John Hemphill*, for petitioner; *J. A. Ewing*, contra.

LAMORELLE, P. J., Jan. 15, 1926.—This matter comes before us on a petition for citation to show cause why there should not be specific performance, answer by the executors and trustees alleging that their testatrix had but a life estate, with power of appointment by will, and, therefore, could not sell the real estate, and replication (which latter pleading was withdrawn by leave of court at the time of argument).

We are of opinion, after due consideration of the pleadings and argument, that the prayer of the petition should be granted.

Briefly stated, these are the relevant facts:

Catharine A. Duff (Sr.), owning property known as No. 129 North 15th Street, in the City of Philadelphia, died in the year 1882, testate, survived by a husband and by issue one child only. She bequeathed and devised her entire estate to the executor of her will in trust: as to the realty (which either included or consisted of No. 129 North 15th Street), to allow her husband to have entire control and management thereof for life, with right to the net income; as to personalty and mixed property, to be invested and the net income to be paid to the daughter for life. There were spendthrift clauses applying to the shares both of husband and child. On the death of the husband, the real estate was to become part of the trust estate for the benefit of the daughter, apparently with rights similar to those exercised by the former while alive.

The husband, John L. Duff, died in 1888; the trust as to the whole estate then became effective during the life of the daughter, Catharine A. Duff (Jr.), and for her sole benefit. She was also given a power of appointment by will; failing to exercise the power, the executor was to hold in trust for such children as might be living at the time of her death and the issue of any then deceased.

Upon the death of her father, she seems to have taken possession of the real estate; at any rate, without the joinder of the trustee, she entered into an agreement in writing with one Achille Olivieri, dated Dec. 15, 1915, by which she rented him the premises No. 129 North 15th Street for a term of ten years from Feb. 1, 1915, with the privilege of purchasing the same at any time within that period for the sum of $20,000, which agreement was stated to be binding on the *lessor, her heirs, executors, administrators or assigns*.

The real question for determination is, therefore: What rights had she in the real estate at the time of the making of the lease and the giving of the option?

A reference to the will of Catharine A. Duff (Sr.) shows that there was no gift over in event that her daughter died without leaving descendants and without a valid exercise of the power. The daughter, therefore, had an equitable life estate, with vested remainder in herself. See Freeman's Estate, 15 Dist. R. 928, and authorities therein cited. This vested remainder, of course, could and would be divested on the happening of either contingency, and because of such fact, and, also, because one of her estates was equitable and the other legal, the remainder interest did not merge or coalesce with the life interest: Cook's Estate, 6 D. & C. 260, and cases there referred to; Moore's Estate, 198 Pa. 611.

### Duff's Estate.

The records of this court show that Catharine A. Duff (Jr.), prior to the year 1915, made several ineffectual attempts to terminate the trust; she, therefore, was not without knowledge or of, at least, information as to her legal rights. In any event, when she made the lease under authority given by her mother's will, with its option of purchase on the part of the tenant (she having a vested remainder in the *corpus*), all rights conferred by this agreement were valid and legally enforceable by the lessee, except in event of the contingency which would take from Catharine A. Duff (Jr.) on her decease, her interest in remainder, to wit, leaving descendants or a valid appointment by her will.

When, then, she executed her will in 1919, she in terms recognized the fact that there was an outstanding option by providing (and, in effect, she gave notice to all that those taking under her will took, so to speak, *cum onere*): "If the premises at No. 129 N. 15th Street is not sold before my death, and if the tenant is willing to purchase the premises before the lease expires and is willing to pay the price agreed upon at the time the lease was made, for $20,000, he can do so, and as he was *willing to pay extra* on account of the value increasing within that time, I request that the Sum of Five Thousand Dollars be invested in First Class Mortgages and the interest to be paid to pay the taxes, water rents and repairs for the premises at 2025 Green Street during the lifetime of my dear friend Mrs. Blanche Hunter Haworth Reed, and remaining of the price paid which may be Fifteen Thousand Dollars or *extra* which the tenant promised to be invested and the *interest to be paid to Mrs. Blanche Hunter Haworth Reed for life*, and after her death to be divided among the following named persons, Dorothy and Helen Reed, Jennie and Sarah Dole, if living."

Catharine Duff (Jr.) died in 1919, testate, unmarried and without issue, and without validly exercising the power of appointment *as to this particular piece of real estate.* That a gift of the proceeds from the sale of land as to which there is a power of appointment is not an *exercise* of the power would appear to be settled by the ruling in Boyd's Heirs *v.* Bigham, 4 Pa. 102. In that case testator gave his widow real estate with power to will on condition that she remained the widow; otherwise, on her death, the real estate was to pass to their children and grandchildren. The widow, who did not remarry, sold the real estate and bequeathed the price thereof to the children. It was held that the children were entitled to the land. The fee remained in the children and grandchildren by the terms of their father's will, and as his widow had sold, instead of devising by will, their title was not divested.

The principle of that case applies to the facts in the instant case. The fee remains in Catharine A. Duff (Jr.), because she had not appointed this real estate nor has she had children.

It is true that by a codicil to her will she states that the will is intended to be an exercise of the power of appointment conferred upon her by her mother's will. This, however, may well apply to the estate of her mother other than premises No. 129 North 15th Street: It cannot refer to premises No. 129 North 15th Street, because the will negatives an appointment by recognizing the option and by disposing of the proceeds of the sale. There is a specific bequest of the money to be received from the exercise of the option: these legatees have a right to be protected. There is no residuary clause in the will, and if any intestacy should result, as it would, mere volunteers are in no position to repudiate either the lease or the option contained therein.

Olivieri could hold against Catharine A. Duff (Jr.) in her lifetime because

Duff's Estate.

of the lease; he may hold after her death against any one, save and except her appointee by will or her descendants; however, there are neither; hence, no one claiming through her may exercise greater rights than she; therefore, her next of kin or heirs at law or the executors of and trustees under her will have no rights superior to those of the present petitioner. All of them are bound by decedent's contract. See, generally, Ritchie's Estate, 24 Dist. R. 510; Churchman's Estate, 18 Phila. 228; Serrill's Estate, 16 Phila. 409.

It is admitted that a deed and the purchase money have been tendered the executors and trustees and that they decline to act unless the court shall so decree.

The prayer of the petition is granted. Counsel for petitioner will submit decree proper in the premises, directing the execution of the deed upon receipt of the purchase money, with costs to be paid out of the estate.

THOMPSON, J., did not sit.